IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDRE R. THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>DELAWARE DEPARTMENT OF CORRECTION, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civ. No. 15-1035-LPS |

Andre R. Thomas, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 9, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Andre R. Thomas ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 1, 6) Plaintiff is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) Plaintiff has filed a motion for injunctive relief and a request for counsel. (D.I. 4, 7) The Court proceeds to review and screen the Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II. BACKGROUND

Plaintiff alleges that Defendant Dr. Rogers ("Dr. Rogers") moved him to a hospital in 2011 and pressured him to sign an advance directive. (D.I. 6) Plaintiff states that he is paralyzed on the right side due to a stroke he suffered on December 1, 2011. (*Id.*) He alleges that his wheelchair was taken from him and that he has been deprived of needed medication. (D.I. 1) Plaintiff complained and alleges that, as a result, retaliation occurred. Plaintiff alleges he was poisoned after consuming his food and sent to the infirmary for treatment. Blood and urine samples were taken but, despite his requests, Plaintiff has not been provided the results.[2] (D.I. 1)

Plaintiff submitted a grievance, which was denied by Defendant Dr. Spraga ("Dr. Spraga") on March 6, 2014. Plaintiff alleges that he returned to his cell but was back in the infirmary on March 9, 2014, and Dr. Spraga "gave [him] lab work." (D.I. 6 at 7) Plaintiff alleges that Defendant

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Contrary to the allegations, the record shows that Plaintiff was sent a lab slip with results indicating that blood tests were within normal limits. (*See* Plaintiff's motion for injunctive relief) (D.I. 4 at 13)

Dr. Desrosiers ("Dr. Desrosiers") said there was no poison in Plaintiff's system and that Defendant S/Lt. Reynolds ("Reynolds") would not give him the results of a urine sample. Plaintiff submitted a grievance, which was returned as unprocessed.

Plaintiff alleges that when he was housed in protective custody, Reynolds and Defendant Lt. Secord ("Secord") placed a jail house informant in his cell and the inmate assaulted him. Plaintiff alleges that Reynolds and Secord use inmates with a violent history "to do their dirty work." (D.I. 6 at 5) Plaintiff alleges this occurred because he wanted to see his lab test results.

He alleges that Defendant Lt. Natasha Hollingsworth ("Hollingsworth") conspired with Defendant mental health counselor Ricky Thomas ("Thomas") to send Plaintiff to PCO (psychiatric close observation) on September 10, 2014. Plaintiff alleges that on July 15, 2015 he was seen by Defendant Dr. Stephanie Street ("Dr. Street") and Defendant mental health counselor Leslie Sexton ("Sexton"). Plaintiff states that he has been incarcerated for 34 years and these are his first and second times going to PCO. He alleges that his placement in PCO is retaliatory conduct.

Plaintiff alleges that Dr. Mark Richardson ("Dr. Richardson") came to his cell "as if he was helping [him]" and made an illegal tape recording. Plaintiff alleges that Defendants Lt. Demby ("Demby") and C/O Richardson IV ("Richardson IV") shook down his cell. Plaintiff submitted a grievance complaining that chemicals were placed in his cell, but it was return unprocessed. Plaintiff alleges that Defendant Capt. Burton ("Burton") is not allowed to address a grievance with his name on it. Plaintiff alleges that Defendant C/O Runne took Plaintiff's mail to internal affairs, but it was not received.

Plaintiff alleges that on October 3, 2015, Defendant Sgt. Harris ("Harris") shook down his cell and placed a pill among Plaintiff's medication. He alleges that on November 3, 2015, Defendant Lt. Howard ("Howard") shook down his cell and touched Plaintiff's property when he

had chemical residue dripping from his hands. Plaintiff submitted a grievance, which was returned unprocessed by Defendant Sgt. Boromee ("Boromee"). The Complaint next states: "hurt my hand on the service window in retaliation. [Defendant] Major Carrothers [("Carrothers")], grievance type staff issues." (D.I. 6 at 6)

Plaintiff alleges that Defendant C/O Scott was disciplined for her transgressions and "she tried to harm [Plaintiff] while [he] was on protective custody". (*Id.* at 7) Plaintiff alleges that Defendant Sgt. George J. Gill ("Gill") tried to coerce Plaintiff into doing something out of character by blowing kisses at him.

Plaintiff seeks compensatory damages and injunctive relief.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court

may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See*

*Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Eleventh Amendment

The original letter/complaint (D.I. 1) appears to name the Delaware Department of Correction ("DOC") as a defendant. To the extent that is Plaintiff's intent, the DOC is immune from suit. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. *See e.g., Evans v. Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC

is state agency and DOC did not waive Eleventh Amendment immunity). Therefore, the DOC is dismissed as a defendant as it is immune from suit pursuant to 28 U.S.C. § 1915 (e)(2)(B)(iii) and § 1915A(b)(2).

**B. Statute of Limitations**

Plaintiff alleges that in 2011, Dr. Rogers coerced him into signing an advanced directive. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010) (internal quotation marks omitted).

Plaintiff complains of an act occurring in 2011. He did not commence this action until November 2015. Hence, it is evident from the face of the complaint that the claim against Dr. Rogers is barred by the two-year limitations period. Therefore, the claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Personal Involvement

Plaintiff names Warden David Pierce ("Pierce"), Nurse Joan ("Joan"), and Michael McMahon ("McMahon") as defendants in the caption of the Amended Complaint. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). In addition, "'a[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho*, 423 F.3d at 353 (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Plaintiff provides no facts to support a claim against the foregoing Defendants, and it is clear the claims are facially insufficient. The claims lack an arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### D. Grievances

The Amended Complaint contains several complaints about the grievance process. Plaintiff alleges that he submitted a grievance, and it was denied by Dr. Spraga, on March 6, 2014. He submitted grievances that were returned as unprocessed, one by Boromee. Plaintiff alleges that Burton is not allowed to address a grievance with his name on it. Finally, the Amended Complaint states, "hurt my hand on the service window in retaliation. Major Carrothers, grievance type staff issues."[3] (D.I. 6 at 6)

The filing of prison grievances is a constitutionally protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. Nov. 7, 2006). To the extent that Plaintiff bases his claims on his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an

[3]It is not clear what this means.

inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the court will dismiss the claims against Dr. Spraga,[4] Burton, Boromee, and Carrothers as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**E. Deficient Pleadings**

Plaintiff alleges that Dr. Desrosiers said there was no poison in Plaintiff's system, Reynolds would not give him the results of a urine sample, Dr. Richardson came to his cell and made an illegal tape recording, Gill blew kisses at him, and Howard shook down Plaintiff's cell and touched Plaintiff's property when he had chemical residue dripping from his hands. These allegations are frivolous and do not rise to the level of constitutional violations. Therefore, the Court will dismiss the claims against Dr. Desrosiers, Reynolds, Dr. Richardson, Gill, and Howard pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

In addition, Plaintiff appears to attempt to raise claims that possibly could be considered as: (1) failure to protect or retaliation against Reynolds and Secord; (2) conspiracy or retaliation against Hollingsworth, Thomas, Dr. Street, and Sexton; (3) planting of evidence or conspiracy against Demby, Richardson IV, and Harris; (4) interference with mail against Runne; and (5) excessive force against Scott. However, the Amended Complaint lacks factual content to permit a reasonable inference that constitutional violations occurred. Instead, the Amended Complaint is pled in a

---

[4]The remaining allegations directs toward Dr. Spraga are frivolous and do not rise to the level of constitutional violations.

conclusory manner. "Stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Twombly*, 550 U.S. at 545. In addition, as pled, the facts are insufficient to satisfy the "plausibility" pleading standard, let alone sufficient to permit the inference of constitutional violations pursuant to 42 U.S.C. § 1983.

Accordingly, the court will dismiss the foregoing claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate claims against Reynolds, Secord, Hollingsworth, Thomas, Dr. Street, Sexton, Demby, Richardson IV, Harris, Runne, and Scott, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. MOTIONS

### A. Motion for Injunctive Relief

Plaintiff filed a document on December 1, 2015, construed by the court as a motion for a preliminary injunction. (D.I. 4) Plaintiff states that he is in imminent danger of serious physical injury from the continued bombardment of highly toxic chemicals into his cell. He also asserts that Shift Sgt. Heddring continues to pat chemicals on his shoes and walks as close as he can to Plaintiff's cell as opposed to the distance he walks by other doors. Finally, Plaintiff alleges that Corp. Legate sprays chemicals in his cell. Plaintiff seeks help.

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d

Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Documents attached to his motion indicate that Plaintiff has raised his concerns on numerous occasions with prison officials. One document indicates that Plaintiff has been suffering from mental health issues more severely of late, but will not cooperate with mental health staff to resolve the issues. (D.I. 4 at 21) Another document indicates that an investigation of chemical smells did not find any smells "out of the norm" and that a white substance around Plaintiff's window appears to be soap. (*Id.* at 36) On another occasion, investigation did not detect any chemical smell in the cell, and it was noted that only Plaintiff could smell the chemicals. (*Id.* at 40) It was explained to Plaintiff that there were no chemicals entering his cell, but he refused to believe that to be true. (*Id.* at 41)

Given the documents provided by Plaintiff, the record does not demonstrate the likelihood of success on the merits. In addition, the record does not reflect that Plaintiff sustained any injuries as a result of the alleged chemical smell and there is no indication that, at the present time, he is in danger of suffering irreparable harm. Plaintiff has demonstrated neither the likelihood of success on the merits nor irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the court will deny his motion.

**B. Request for Counsel**

Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He requests counsel on the grounds that he is incarcerated, unskilled in the law, housed in SHU on 24-hour

lockdown, suffers from painful nerve damage and paralysis from a stroke, and counsel would serve the best interests of justice. (D.I. 7)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[5] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel, including that, to date, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims, the claims are not complex, and this case is in its very early stages. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. Therefore, the Court will deny the request for counsel at this time. (D.I. 7) If Plaintiff chooses to

---

[5]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) – now § 1915(e)(1) – does not authorize federal court to require unwilling attorney to represent indigent civil litigant, operative word in statute being "request.").

amend his Amended Complaint, and any of his claims survive screening, the Court will again consider whether to appoint counsel.

## VI. CONCLUSION

For the above reasons, the Court will: (1) deny the motion for injunctive relief (D.I. 4); (2) deny without prejudice to renew the request for counsel (D.I. 7); (3) dismiss the complaint and Amended Complaint; (4) dismiss Defendants Delaware Department of Correction, Dr. Rogers, Dr. Desrosiers, Dr. Richardson, Gill, Howard, Pierce, Joan, McMahon, Dr. Spraga, Burton, Boromee, and Carrothers pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and §§ 1915A(b)(1) and (2); and (5) give Plaintiff leave to amend the claims against Reynolds, Secord, Hollingsworth, Thomas, Dr. Street, Sexton, Demby, Richardson IV, Harris, Runne, and Scott as discussed in Section IV. E. of the Memorandum Opinion.

An appropriate Order follows.