IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDRE R. THOMAS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-1035-LPS |
| BRIAN REYNOLDS, et al., | : |
| Defendants. | : |

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's motion for injunctive relief (D.I. 18) and Warden David Pierce's opposition thereto (D.I. 20).

### I. BACKGROUND

Plaintiff Andre R. Thomas ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 1, 6, 14) Plaintiff is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware, appears *pro se*, and has been granted leave to proceed *in forma pauperis*. (D.I. 10)

Plaintiff states that he is concerned he is being retaliated against. He explains that he was moved from MHU (Medium-High Housing Unit) to SHU (Security Housing Unit) and, now, his requests for housing in protective custody are being refused.

### II. LEGAL STANDARDS

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for

1

injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## III. DISCUSSION

It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Moreover, the custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225.

In addition, the record does not demonstrate Plaintiff's likelihood of success on the merits. Plaintiff provides no support for his motion, and he does not allege injury. Nor is there any indication that, at the present time, he is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

Having considered the facts and the law, the Court finds that Plaintiff has not demonstrated that injunctive relief is appropriate. Therefore, the Court will deny the motion (D.I. 18).

## IV. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED THAT the motion for injunctive relief (D.I. 18) is DENIED.

Dated: June 20, 2016

UNITED STATES DISTRICT JUDGE