IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDRE R. THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 15-1035-LPS |
| | : | |
| BRIAN REYNOLDS, et al., | : | |
| | : | |
| Defendants. | : | |

Andre R. Thomas, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 27, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Andre R. Thomas ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1] (D.I. 1, 6) Plaintiff is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court screened the Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a), dismissed several defendants, and claims and gave Plaintiff leave to amend. (D.I. 12, 13) Plaintiff filed a Second Amended Complaint on March 21, 2016.

## II. BACKGROUND

The Second Amended Complaint is a shortened version of Plaintiff's previous pleadings with virtually the same allegations, as follows:

Plaintiff alleges that Defendants S/Lt. Reynolds ("Reynolds") and Lt. Secord ("Secord") placed a jail house informant in his cell and the inmate assaulted him. (D.I. 14 at 2) The allegations are identical to those previously dismissed. (D.I. 12 at 2)

Plaintiff alleges that Defendant Lt. Natasha Hollingsworth ("Hollingsworth") conspired with Defendant mental health counselor Ricky Thomas ("Thomas") to send Plaintiff to PCO (psychiatric close observation) on September 10, 2014. (D.I. 14 at 4) Plaintiff alleges that on July 15, 2015 he was seen by Defendant Dr. Stephanie Street ("Dr. Street") and Defendant mental health counselor Leslie Sexton ("Sexton"). (*Id.*) Plaintiff states that he has been incarcerated for 34 years and this is

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

his first and second time going to PCO. (*Id.*) He alleges that his placement in PCO is retaliatory conduct. (*Id.*) The allegations are identical to those previously dismissed. (D.I. 12 at 2)

Plaintiff alleges that Defendants Lt. Demby ("Demby") and C/O Richardson IV ("Richardson IV") shook down his cell. (D.I. 14 at 3) Plaintiff submitted a grievance complaining that chemicals were placed in his cell and the grievance was return unprocessed. (*Id.*) The allegations are identical to those previously dismissed. (D.I. 12 at 2)

Plaintiff alleges that on October 3, 2015, Defendant Sgt. Harris ("Harris") shook down his cell and placed a pill among Plaintiff's medication. (D.I. 14 at 3) The allegations are identical to those previously dismissed. (D.I. 12 at 2)

Plaintiff alleges that Defendant C/O Runne took Plaintiff's mail to internal affairs, but it was not received. (D.I. 14 at 3) The allegations are identical to those previously dismissed. (D.I. 12 at 2)

Plaintiff alleges that while he was in protective custody, on March 14, 2014, Defendant C/O Scott tried to harm him and she was disciplined for her transgressions. (D.I. 14 at 3) The allegations are identical to those previously dismissed. (D.I. 12 at 3)

On August 5, 2016, Plaintiff filed a grievance he submitted on July 28, 2016. (*See* D.I. 23) The grievance is not relevant to the instant complaint. It refers to individuals who are not named defendants and speaks to a different time-frame. (*See id.*)

III.  **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma*

2

*pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

## IV. DISCUSSION

In dismissing the claims against Reynolds, Secord, Hollingsworth, Street, Sexton, Demby, Richardson IV, Harris, Runne, and Scott, this Court stated that,

> Plaintiff appears to attempt to raise claims that possibly could be considered as: (1) failure to protect or retaliation against Reynolds and Secord; (2) conspiracy or retaliation against Hollingsworth, Thomas, Dr. Street, and Sexton; (3) planting of evidence or conspiracy against Demby, Richardson IV, and Harris; (4) interference with mail against Runne; and (5) excessive force against Scott. However, the amended complaint lacks factual content to permit a reasonable inference that constitutional violations occurred. Instead, the amended complaint is pled in a conclusory manner. "Stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Twombly*, 550 U.S. at 545. In addition, as pled, the facts are insufficient to satisfy the "plausibility" pleading standard, let alone sufficient enough to permit the inference of constitutional violations pursuant to 42 U.S.C. § 1983 claim. Accordingly, the court will dismiss the foregoing claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).
>
> However, since it appears plausible that Plaintiff may be able to articulate claims against Reynolds, Secord, Hollingsworth, Thomas, Dr. Street, Sexton, Demby, Richardson IV, Harris, Runne, and Scott, he will be given an opportunity to amend his pleading.

(D.I. 12 at ¶ IV.E.)

The allegations in the Second Amended Complaint are virtually identically to those dismissed by the Court. Plaintiff was given leave to amend to cure his pleading defects but failed to do so. The Court finds that the Second Amended Complaint fails to state claims upon which relief may be granted. Therefore, the Second Amended Complaint will be dismissed.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Second Amended Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b)(1). The Court provided Plaintiff an opportunity to correct his pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating court may curtail or deny request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). Therefore, the Court finds further amendment futile.

An appropriate Order follows.